U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>　　Flora J. Reading | : Bankruptcy No.: 18-10851 AMC<br>:<br>: Chapter 13 |
| Flora J. Reading<br>　115 Border Rock Road<br>　Levittown, PA 19057<br>　　　　　　　Plaintiff<br>　　v.<br><br>Select Portfolio Servicing, Inc.<br>　3217 South Decker Lake Drive<br>　Salt Lake City, UT 84119<br>　　　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: AP No.<br>:<br>: |

## COMPLAINT TO DETERMINE VALIDITY OF LIEN HELD BY SELECT PORTFOLIO SERVICING, INC.

### I.    Introduction

1.    The instant complaint is filed by the Debtor-Plaintiff (hereinafter referred to as "Plaintiff") Flora J. Reading pursuant to Bankruptcy Rule 7001 to determine the extent and validity of any lien asserted by Defendant, Select Portfolio Servicing, Inc. (hereinafter referred to as "Defendant") and pursuant to 11 U.S.C. § 506 to determine the extent to which Defendant pursuant to a second mortgage on the property more fully described below may file a secured claim and the extent to which it is an unsecured claim; to declare that any such claim that may be filed by the Defendant pursuant to the aforesaid mortgage is unsecured, per 11 U.S.C. § 506, and praying that the Honorable Court enter an order, directing the Defendant to void and/or vacate the second mortgage held by the Defendant upon the property of the Plaintiffs, and to have such voidance or vacation recorded with the Recorder of Deeds, or as a satisfaction of mortgage.

## II. Jurisdiction

2. Debtor-Plaintiff, Flora J. Reading, by and through her Counsel, Brad J. Sadek of Sadek Law Offices, LLC filed the present Chapter 13 case on February 7th, 2018. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceedings pursuant to 28 U.S.C. §157.

## III. Parties

3. The Plaintiff is Flora J. Reading, natural person, who resides at 115 Border Rock Road, Levittown, PA 19057.

4. The Defendant is Select Portfolio Servicing, Inc. having a primary office to conduct business at 3217 South Decker Lake Drive, Salt Lake City, UT 84119.

5. The Trustee William C. Miller, Standing Chapter 13 Trustee for the United States Bankruptcy Court for the Eastern District of Pennsylvania, and Trustee in the Plaintiff-Debtor's Chapter 13 case.

## IV. Allegations of Fact

6. The Plaintiff incurred her first mortgage on the property known as and located at 115 Border Rock Road, Levittown, PA 19057 (hereinafter referred to as "the property") through U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-1.

7. The second mortgage on the property was additionally granted in favor of Select Portfolio Servicing, Inc., on or about December 2005.

8. As of the date of filing, the first mortgage with U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC

Mortgage-Backed Pass-Through Certificates, Series 2006-1, had a current balance due and owing in the amount of $221,460.29 as evidence by the Proof of Claim filed by the Creditor in the Plaintiff/Debtor's Bankruptcy Case. See appropriate portion of the Proof of Claim 1-1 incorporated herein and marked as **"Exhibit "A."**

9. As of the date of filing, Debtors' second mortgage had a current balance due and owing in the amount of $35,831.94 as evidence by the Proof of Claim filed by the Creditor in the Plaintiff/Debtor's Bankruptcy Case. See appropriate portion of the Proof of Claim 3-1 incorporated herein and marked as **"Exhibit B."**

10. In accordance with the Valuation dated May 11, 2018, the current estimated value of the property is $183,200.00. See Appraisal incorporated herein and marked as **"Exhibit C."**

11. Based on the aforementioned, Plaintiff avers that the property is worth less than the payoff amount of the first mortgage on the premises.

12. Therefore, the second mortgage held by the Defendant is therefore wholly unsecured.

13. Pursuant to 11 U.S.C. § 506, Plaintiff believes that the debt or obligation owed by the Plaintiff to the Defendant by virtue of the aforementioned second mortgage upon Debtor's real property should be reclassified by this Honorable Court as completely unsecured and any lien held by the Defendant against the property in question should be declared null and void.

WHEREFORE, Plaintiff, by and through her counsel Brad J. Sadek, Esquire of Sadek Law Offices, LLC pray that this Court enter an Order in favor of the Plaintiff and against Defendant, reclassifying any claim filed by the Defendant based upon the aforementioned second mortgage upon the premises, from secured to unsecured, striking

or otherwise modifying any such Proof of Claim that is filed by the Defendant to show that the debt in question is wholly unsecured; and

ORDERING the Defendant to void or otherwise vacate the second mortgage on the premises of 115 Border Rock Road, Levittown, PA 19057 and have such voidance or vacation recorded with the Recorder of Deeds or in the alternative, mark said mortgage as "satisfied" on the records of the Recorder of Deeds within thirty (30) days of the entry of the Order of your Honorable Court, and to deliver same to counsel for Plaintiff, at no cost or charge for such cancellation and/or delivery; and

Granting such relief as the Court may determine to be proper and just.

Respectfully submitted,

Sadek Law Offices, LLC

By: /s/ Brad J. Sadek, Esquire
Brad J. Sadek, Esquire
Attorney I.D. No. 90488
1315 Walnut Street, #302
Philadelphia, PA 19107
T: 215-545-0008

Date: May 11, 2018

## **VERIFICATION**

I, Brad J. Sadek, as attorney for Debtor-Plaintiff in the aforementioned matter, verify that the statements made in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

Date: May 11, 2018                             /s/ Brad J. Sadek, Esquire
                                               Brad J. Sadek, Esquire